UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE CROCKETT,<br><br>PLAINTIFF,<br><br>v.<br><br>LUITPOLD PHARMACEUTICALS, INC.; AMERICAN REGENT, INC.; DAIICHI SANKYO, INC.; DAIICHI SANKYO CO., LTD.; VIFOR PHARMACEUTICALS MANAGEMENT LTD., and VIFOR PHARMA – ASPEREVA PHARMACEUTICALS, INC.,<br><br>DEFENDANTS. | CASE NO. _____ |

## NOTICE OF REMOVAL

TO: COURT OF COMMON PLEAS OF PHILADELPHIA
Office of the Prothonotary
First Judicial District of Pennsylvania
Room 284 City Hall
Philadelphia, PA 19107

Michael G. Daly, Esq.
Tobias L. Millrood, Esq.
Kara Hill, Esq.
POGUST MILLROOD, LLC
161 Washington Street
Conshohocken, PA 19428

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Luitpold Pharmaceuticals, Inc. ("Luitpold"), American Regent, Inc. ("American Regent"), and Daiichi Sankyo, Inc. ("DSI") (collectively, "Removing Defendants") timely remove this action titled *Crockett v. Luitpold Pharmaceuticals, Inc., et al.,* from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.[1] This Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441, *et seq.* Complete diversity of citizenship exists between the parties, and it is facially evident from the Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Thus, the action unquestionably is removable.[2] In support of removal, Removing Defendants further state as follows:

1. On December 19, 2018, Plaintiff Katherine Crockett filed a lawsuit in the Court of Common Pleas of Philadelphia County titled *Crockett v. Luitpold Pharmaceuticals, Inc., et al.,*, November Term 2018, No. 02043. *See* Complaint ("Compl.") (attached as Exhibit A).

2. Plaintiff alleges that she was injured following injection with Injectafer, an iron replacement injection medication allegedly manufactured and sold by Removing Defendants and indicated for the treatment of iron deficiency anemia. *See* Compl. ¶¶ 2–3, 4, 6, 43, 75–78. Based on her alleged injuries, Plaintiff asserts eleven claims against Removing Defendants as well as Defendants Daiichi Sankyo Co., Ltd., Vifor Pharmaceuticals Management Ltd., and Vifor

---

[1] The American Regent entity named as a defendant in Plaintiff's Complaint no longer exists. As explained below, American Regent was a wholly-owned subsidiary of Luitpold. To streamline its business, Luitpold merged American Regent into itself on December 31, 2018, and the surviving entity, Luitpold, was renamed American Regent, Inc. *See infra* Part II.D.

[2] By removing this action to this Court, Removing Defendants do not waive any defenses, objections, or motions available under state or federal law. Removing Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal based on lack of personal jurisdiction, improper venue, and/or the doctrine of *forum non conveniens*.

Pharma – Aspreva Pharmaceuticals, Inc.[3] In particular, Plaintiff asserts claims for negligence (Count 1), negligent failure to warn (Count 2), negligent design defect (Count 3), negligent misrepresentation (Count 4), fraud (Count 5), strict liability failure to warn (Count 6), strict liability design defect (Count 7), breach of express warranty (Count 8), breach of implied warranty (Count 9), violation of consumer protection laws (Count 10), and gross negligence (Count 11).

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(A)

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. That being so, Removing Defendants have a constitutional right to remove this action to federal court. *See, e.g.*, *Terral v. Burke Constr. Co.*, 257 U.S. 529, 532–33 (1922) (holding that foreign corporations have a "federal constitutional right . . . to resort to the federal courts" through exercise of their federal right of removal).

### A. Complete Diversity Of Citizenship Exists Between The Parties.

4. Diversity jurisdiction requires that the controversy be between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Specifically, the statute requires "complete diversity." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). Complete diversity exists if no plaintiff is "'a citizen of the same state as any of the defendants.'" *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (quoting *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003)); *see also Enza v. We the People, Inc.*, 838 F. Supp. 975, 977 (E.D. Pa. 1993) ("[A]ll of the parties on one

---

[3] Defendant Daiichi Sankyo Co., Ltd. has not been served in this action and intends to file a motion to strike Plaintiff's affidavit of service as improper. In addition, the named defendants "Vifor Pharmaceuticals Management Ltd.," and "Vifor Pharma – Aspreva Pharmaceuticals, Inc.," as they are named in the Complaint, have not been served in this action.

3

side of the controversy must be citizens of a different state from all of the parties on the other side.").

5. An individual's citizenship "is determined by her domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation." *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (internal quotation marks omitted); *see also Reid v. Albizem*, 2014 WL 2915883, at *2 (E.D. Pa. June 25, 2014) ("Individuals are deemed to be citizens of the State wherein they reside.").

6. A corporation is deemed to be a citizen of the state or states where it is incorporated and maintains "its principal place of business." 28 U.S.C. § 1332(c)(1). Because section 1332(c)(1) refers to a "principal place of business" in the singular, it is clear that a corporation can have only *one* principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) ("The word 'place' is in the singular, not the plural. The word 'principal' requires us to pick out the 'main, prominent' or 'leading' place.") (quoting 12 Oxford English Dictionary 495 (2d ed. 1989) (def.(A)(I)(2))); *Murray v. Commercial Union Ins. Co.*, 782 F.2d 432, 434 (1986) ("A corporation may have 'literally dozens of important places of business *one of which we must pick out as the principal one because the statute says so.*'") (quoting *Kelly v. United States Steel Corp.*, 284 F.2d 850, 853 (3d Cir. 1960) (emphasis added)); *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (explaining that a corporation "is not deemed a citizen of every State in which it conducts business or is otherwise amenable to personal jurisdiction").

7. In *Hertz*, the United States Supreme Court held that a corporation's principal place of business for purposes of section 1332(c)(1) is determined by the "nerve center" test. *See* 559 U.S. at 92–95. Under that test, a corporation's principal place of business is "the actual center of direction, control, and coordination." *Id.* at 93. As the Supreme Court explained, "[a] corporation's 'nerve center,' usually its main headquarters, is a single place." *Id.*; *see also*

4

*Bullion Monarch Mining, Inc. v. Barrick Goldstrike Mines, Inc.*, 2018 WL 5777484, at *2 (D. Nev. Nov. 1, 2018) ("A corporation can have only one nerve center—it is a single place within a single state."); *Munoz v. Allstate Ins. Co.*, 2016 WL 10907057, at *2 (C.D. Cal. Mar. 3, 2016) ("[C]orporations have only one nerve center."); *Johnson v. SmithKline Beecham Corp.*, 853 F. Supp. 2d 487, 490 (E.D. Pa. 2012) (confirming that "[a] corporation may have only one nerve center"), *affirmed*, 724 F.3d 337 (3d Cir. 2013).

8. Applying these principles, it is clear that complete diversity of citizenship exists between the parties.

9. Plaintiff alleges that she resides in Pennsylvania. *See* Compl. ¶ 74. For purposes of 28 U.S.C. § 1332(a)(1), Plaintiff is therefore deemed to be a citizen of Pennsylvania. *See, e.g., Washington*, 652 F.3d at 344; *Reid*, 2014 WL 2915883, at *2.

10. Plaintiff alleges that Luitpold is incorporated in New York and has "principal offices" in Norristown, Pennsylvania and Shirley, New York. Compl. ¶ 2. In addition, Plaintiff alleges that American Regent is incorporated in New York, "appears to operate its principal office" out of Shirley, New York, and "may also operate out of Luitpold's Norristown, PA office." *Id.* ¶ 3. Contrary to Plaintiff's implicit suggestion, however, neither Luitpold nor American Regent ever maintained its principal place of business in Pennsylvania, but rather only in Shirley, New York.

11. As explained in the accompanying Affidavit of Joseph Boyle (attached as Exhibit B), Luitpold was a corporation organized under the laws of the state of New York, with its principal place of business in Shirley, New York. *See* Boyle Aff. ¶ 2. The company formerly known as American Regent, Inc. was a wholly owned subsidiary of Luitpold organized under the laws of the state of New York, with its principal place of business in Shirley, New York. *See id.* To streamline its business, on December 31, 2018, Luitpold merged its subsidiaries, including the

5

former American Regent, Inc., into itself. *See id.* ¶ 3. On January 2, 2019, the surviving entity, Luitpold, was renamed American Regent, Inc. since that was the customer-facing corporate brand name. *See id.* Thus, the company now referred to as American Regent is the entity formerly known as Luitpold. *See id.*

12. American Regent (formerly known as Luitpold) never maintained its principal place of business anywhere other than Shirley, New York. *See id.* ¶ 4. The majority of the company's employees and executives, including the Chief Executive Officer and President, have worked out of the corporate headquarters in Shirley, New York for more than twenty-five years. *See id.* ¶ 5. Further, "[d]irection, control, coordination, and strategic decision-making activities concerning the Company's products, are based out of the New York headquarters." *Id.* ¶ 6. Accordingly, American Regent's nerve center, and thus its principal place of business, is in Shirley, New York, where the company maintains its headquarters. *See, e.g., Hertz*, 559 U.S. at 96 (explaining that if a corporation's officers direct its business activities from New York, the corporation's "'principal place of business' is New York").

13. Based on the foregoing, Luitpold and American Regent are deemed to be citizens of New York for purposes of 28 U.S.C. § 1332(c)(1).

14. Plaintiff alleges that DSI is incorporated in Delaware and maintains its principal place of business in New Jersey. *See* Compl. ¶ 4. For purposes of 28 U.S.C. § 1332(c)(1), DSI is therefore deemed to be a citizen of Delaware and New Jersey.

15. Plaintiff alleges that Defendant Daiichi Sankyo Co., Ltd. ("DSC") is incorporated in Japan and maintains its principal place of business in Japan. *See* Compl. ¶ 7. For purposes of 28 U.S.C. § 1332(c)(1), DSC is therefore deemed to be a citizen of Japan.

16. Plaintiff named as a defendant "Vifor Pharmaceuticals Management Ltd." ("Vifor Pharma") and alleges that it is a corporation that maintains its principal place of business in

Switzerland. *See* Compl. ¶ 14. On information and belief, Vifor Pharmaceuticals Management Ltd. is the incorrect name of the entity and has not been served to date. For purposes of 28 U.S.C. § 1332(c)(1), Vifor Pharma is deemed to be a citizen of Switzerland.

17. Plaintiff named as a defendant "Vifor Pharma – Aspreva Pharmaceuticals, Inc." ("Aspreva") and alleges that it is a corporation with its principal place of business in New Jersey. *See* Compl. ¶ 20. On information and belief, Vifor Pharma – Aspreva Pharmaceuticals, Inc. is the incorrect name of an entity that no longer exists and has not been served to date. For purposes of 28 U.S.C. § 1332(c)(1), Aspreva is therefore deemed to be a citizen of New Jersey.

18. Based on the foregoing, there is complete diversity of citizenship between the parties.

### B. The Amount-In-Controversy Requirement Is Satisfied.

19. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

20. Under section 1446(a), a defendant seeking to remove an action must include in its notice of removal "a short and plain statement of the grounds for removal." The Supreme Court has explained that "by borrowing the familiar 'short and plain statement' standard" from Rule 8(a) of the Federal Rules of Civil Procedure, Congress "intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting H.R. Rep. No. 100-889, p. 71 (1988)) (internal quotation marks omitted). To satisfy the "short and plain statement" requirement, the removal notice must allege the amount in controversy "plausibly" but "need not contain evidentiary submissions" to support the allegation. *Id.* at 551 (quoting *Ellenburg v.*

7

*Spartan Motors Chassis Inc.*, 519 F.3d 192, 200 (4th Cir. 2008), for the proposition that "a removing party's notice of removal need not 'meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint'").[4]

21. The amount in controversy generally is determined by the complaint itself. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997); *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993); *Hocker v. Kurfeld*, 2015 WL 8007463, at *2 (E.D. Pa. Dec. 7, 2015). "When a complaint does not limit its request to a precise monetary amount, the court must independently appraise the claim's value to determine if it satisfies the amount in controversy requirement." *Hocker*, 2015 WL 8007463 at *2 (citing *Angus*, 989 F.2d at 146).

22. Here, Plaintiff alleges that following her treatment with Injectafer, she was "diagnosed with Severe Hypophosphatemia and, as a result, suffered from multiple hospitalizations, severe nausea, severe weakness and pain, and severe and constant fatigue." *Id.* ¶ 78. Plaintiff also alleges that she was diagnosed with "renal phosphate wasting" as a result of her treatment with Injectafer. *Id.* In addition, Plaintiff alleges that she "had to take a leave of absence from her place of employment and was only able to return after several months on limited duties." *Id.* Based on these alleged "severe and ongoing injuries," Plaintiff seeks compensatory damages "for past, present, and future damages," including, but not limited to,

---

[4] If a court questions a defendant's amount-in-controversy allegation, the court *must* give the parties an opportunity to present evidence relating to the allegation and only then decide whether the preponderance of that evidence shows that the amount in controversy is met. *See Dart*, 135 S. Ct. at 554 ("Evidence establishing the amount *is required* . . . when . . . the court questions[] the defendant's allegation." (emphasis added)). In other words, a court may not *sua sponte* remand a removed case based on a deficient amount-in-controversy allegation before giving the defendant an opportunity to cure the alleged deficiency. *See, e.g., Ellenburg*, 519 F.3d at 194, 197–98; *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1295–96, 1298 (11th Cir. 2009); *accord Harmon v. OKI Systems*, 115 F.3d 477, 479 (7th Cir. 1997) (failure to allege amount in controversy constitutes a "procedural defect" that does not undermine jurisdiction).

"great pain and suffering and emotional distress and anguish," "personal injuries," and "health and medical care costs." *Id.* at p. 53 (paragraph A of Prayer for Relief).

23.  Based on these allegations, it is plain that the amount in controversy with respect to Plaintiff's claims exceeds the $75,000 jurisdictional threshold. *See, e.g., Hocker*, 2015 WL 8007463, at *2 (finding amount in controversy exceeded $75,000 where complaint alleged serious medical injuries and medical costs); *see also McPhail v. Deere Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (concluding that amount in controversy was established by plaintiff's "alleged damages for property, travel expenses, and emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation and her temporary inability to do housework") (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000").

24.  In addition, Plaintiff seeks punitive damages. *See* Compl. at p. 53 (paragraph D of Prayer for Relief); *see also id.* at pps. 26, 28, 30, 34, 38, 41, 43, 46, 48, 51, 52 (Wherefore clauses). It is well-established that punitive damages are part of the amount in controversy in a civil action. *See Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied.").

25.  Based on the nature of the alleged injuries and claims as well as the alleged entitlement to recover compensatory damages for economic and noneconomic losses in addition to punitive damages, it is facially evident from the allegations in the Complaint that Plaintiff seeks recovery in excess of $75,000, exclusive of interests and costs. *See, e.g., Hocker*, 2015 WL 8007463, at *2; *see also McPhail*, 529 F.3d at 955; *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 296.

## II. REMOVING DEFENDANTS HAVE SATISFIED THE PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.

26. The Court of Common Pleas of Philadelphia County, Pennsylvania, is located within the Eastern District of Pennsylvania, *see* 28 U.S.C. § 118(a), and venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the Eastern District of Pennsylvania is the "district and division embracing the place where such action is pending."

27. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon and by Defendants related to this action is attached as Exhibit C.

28. Luitpold, American Regent, and DSI received the Complaint on December 20, 2018. Neither DSC, Vifor Pharma, nor Aspreva has been served with the Complaint. Therefore, removal is timely pursuant to 28 U.S.C. § 1446(b).

29. Since DSC, Vifor Pharma, and Aspreva have not been served, their consent to removal under 28 U.S.C. § 1446(b) is unnecessary. *See, e.g., Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009) ("[A] defendant who has not been served need not consent to removal.") (citing *Lewis v. Rego Co.*, 757 F.2d 66, 68–69 (3d Cir. 1985)).

30. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to counsel for all adverse parties, as required by 28 U.S.C. § 1446(d).

31. Defendants will promptly file a copy of this Notice with the Prothonotary of the Court of Common Pleas of Philadelphia County, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Removing Defendants give notice that the civil action docketed *Crockett v. Luitpold Pharmaceuticals, Inc., et al.,*, November Term 2018, No. 02043 in the Court of Common Pleas of Philadelphia County, Pennsylvania, is removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

10

Respectfully submitted,

Dated:   January 18, 2019

*/s/ Heather C. Giordanella*

Kenneth A. Murphy (PA Id No. 58162)
Heather C. Giordanella (PA Id No. 82754)
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA  19103
Tel:  (215) 988-2700
Fax:  (215) 988-2757
kenneth.murphy@dbr.com
heather.giordanella@dbr.com

*Attorneys for Defendants*
*Luitpold Pharmaceuticals, Inc., American Regent, Inc., and Daiichi Sankyo, Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify that, on January 18, 2019, I filed the foregoing Notice of Removal and caused a true and correct copy of the same to be sent via United States Mail, postage prepaid, to the following counsel of record:

>Michael G. Daly, Esq.
>Tobias L. Millrood, Esq.
>Kara Hill, Esq.
>POGUST MILLROOD, LLC
>161 Washington Street
>Conshohocken, PA 19428
>*Attorneys for Plaintiff*

Heather C. Giordanella, Esq.