# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE CROCKETT,<br><br>      Plaintiff,<br><br>      v.<br><br>LUITPOLD PHARMA, INC., et al.,<br><br>      Defendants. | NO. 2:19-cv-00276-WB<br><br>HON. WENDY BEETLESTONE |
| MELANIE ATKINSON,<br><br>      Plaintiff,<br><br>      v.<br><br>LUITPOLD PHARMA, INC., et al.,<br><br>      Defendants. | NO. 2:19-cv-00277-WB<br><br>HON. WENDY BEETLESTONE |
| FLORA TURKOSKI,<br><br>      Plaintiff,<br><br>      v.<br><br>LUITPOLD PHARMA, INC., et al.,<br><br>      Defendants. | NO. 2:19-cv-00981-WB<br><br>HON. WENDY BEETLESTONE |
| JENNIFER KRUEGER,<br><br>      Plaintiff,<br><br>      v.<br><br>LUITPOLD PHARMA, INC., et al.,<br><br>      Defendants. | NO. 2:19-cv-00984-WB<br><br>HON. WENDY BEETLESTONE |

**FILED**

OCT 1 8 2019

KATE BARKMAN, Clerk
By _____ Dep. Clerk

## STIPULATED PROTECTIVE ORDER

    It appearing that discovery in the above-captioned Actions (the "Actions") is likely to involve the disclosure of certain documents, things, and information that may contain trade secrets,

120927291.1

commercially sensitive data, confidential research, protected personal information, and other information that may be subject to federal, state, or foreign data protection laws, or other privacy regulations and obligations (collectively "Protected Information"), and as the Parties to these Actions desire to establish a mechanism to protect information produced by the Parties and non-parties from improper disclosure, it is ORDERED as follows:

1.      The Parties, Plaintiffs, American Regent, Inc., Luitpold, Inc., and Daiichi Sankyo, Inc., by and through their counsel, stipulate and agree that this Stipulated Protective shall govern all hard copy and electronic materials designated as protected, and the information contained therein, produced or disclosed by any Party to this proceeding (the "Designating Party") to any other Party (the "Receiving Party"). This Stipulated Protective Order is binding upon all Parties at the time it is entered including their respective corporate parents, subsidiaries, and affiliates and their respective attorneys, principals, experts, consultants, representatives, directors, officers, employees, and others as set forth in this Order.

**Definitions and Designations**

2.      Any Party to this Order shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing which the producing party believes in good faith to be entitled to protection under the Federal Rule of Civil Procedure 26(c)(1)(G) or that is confidential pursuant to applicable state, federal, or foreign law.   Any Party or non-party that produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, may mark the same with the foregoing legend: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

3.      The term "Attorneys Eyes Only" shall refer to any information, document, or thing,

2

120927291.1

or portion of any document or thing that contains highly sensitive business information the disclosure of which could result in significant business harm or competitive disadvantage to the Designating Party. Subject to this Order, any Corporate Defendant shall have the right to designate as "Attorneys' Eyes Only" any information, document, or thing, or portion of any document or thing as defined above. Any Corporate Defendant to this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, may mark the same with the foregoing legend: "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes Only").

   4.  The term "Data Protection Information" or "DP Information" shall refer to any information that a Party reasonably believes to be subject to federal, state or foreign data protection laws or other privacy obligations.  DP Information constitutes highly sensitive materials requiring special protection.  Examples of such data protection laws include, but are not limited to, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.* (financial information); The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); General Data Protection Regulation ("GDPR") (Regulation (EU) 2016/679); Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data and on the Free Movement of Such Data, 1995 O.J. (L281/31) (E.U. personal information); Switzerland Federal Act on Data Protection of June 19, 1992 (DPA) and its ordinances, *i.e.*, the Ordinance to the Federal Act on Data Protection (DPO) and the Ordinance on Data Protection Certification (ODPC) (Swiss personal information); and Japan's Act on Protection of Personal Information ("APPI") and Personal Information Protection Commission supplementary rules and

3

120927291.1

regulations. Any Party that produces information in these Actions that contains data subject to Federal, State or foreign data protection laws has the right to designate those documents (whether paper or electronic) as DP Information. Any Party to this Order, who produces or discloses any DP Information material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, may mark the same with the foregoing legend: "DATA PROTECTION INFORMATION – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Data Protection Information").

5.      The term "Protected Information" means, collectively, information designated as "Confidential," "Attorney Eyes Only," and/or "Data Protection Information." As used in all following paragraphs, the phrase Protected Information includes Confidential, Attorneys' Eyes Only, and Data Protection Information designations.

6.      Protected Information shall apply to all information, documents, and things within the scope of discovery in these Actions that are designated as containing or comprising Protected Information as defined herein, including, documents and things responsive to requests for production of documents and things, interrogatories, or requests for admission; information produced by other persons that the producing or Designating Party is under an obligation to maintain in confidence; testimony adduced at hearings or depositions upon oral examination or upon written questions.

7.      Information that might otherwise qualify as Protected Information under this Protective Order that is (1) in the public domain or (2) which is known by a Party prior to the designation by a Designating Party from a source (other than the Designating Party) that is rightfully in possession of such information on a non-confidential or non-protected basis; or (3) is provided by a source (other than the Designating Party) that is rightfully in possession of such

4

information on a non-confidential or non-protected basis, provided that notice is given to the Designating Party prior to the Receiving Party treating the information as de-designated and the Designating Party has an opportunity to object, shall not be deemed or considered to be Protected Information under this Protective Order

**Dissemination and Use of Protected Information**

8.      No items or information, including but not limited to summaries of items or information designated as Protected Information shall be produced or disseminated orally, or by any other means, except as permitted by this Stipulated Protective Order.

9.      Any designation of Protected Information under this Stipulated Protective Order shall not be construed as an admission or an agreement by any Party that any document, material or information, or any portion thereof, constitutes competent, material, relevant, or admissible evidence in this case.

10.      All Protected Information shall be used by the Receiving Party solely for purposes of the prosecution or defense of these Actions, and shall not be used by the Receiving Party for any business, commercial, competitive, personal or other purpose unless such information is made part of the official Court record or de-designated as "Protected Information" through Court Order or by consent of the Designating Party, and shall not be disclosed by the Receiving Party to anyone other than those set forth in Paragraphs 11 and 12, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by Order of the Court.

11.      Protected Information may be disclosed only to the following individuals under the following conditions:

a.      Material produced and designated as Data Protected Information may be disclosed only to:

i.    Outside counsel (herein defined as any attorney at the Parties' outside firms

120927291.1

in these Actions);

ii. Outside experts, consultants, contract attorneys, investigators, and contractors retained for the purpose of organizing, filing, coding, converting, storing, analyzing, organizing, or retrieving data or designing database programs that are retained by outside counsel for purposes of this Actions, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A. A copy of each executed acknowledgement shall be maintained for each Plaintiff's consultants or experts by Counsel for Plaintiffs and for Defendants' consultants or experts by Counsel for Defendants during the course of the litigation. At the conclusion of the litigation, counsel for Receiving Party shall confirm in writing with counsel for the Designating Party that it will have any documents designated as Protected Information that were provided to consultants or experts returned to counsel for the Receiving Party or destroyed, so long as the receiving party certifies in writing the destruction has occurred.

iii. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

iv. Disclosure may be made to trial witnesses and deponents if such person or persons execute the Acknowledgement that is attached as Exhibit A. In the case of DP Information protected by Swiss privacy law, only if: it is reasonably necessary to the proper adjudication of these Actions and if such person or persons execute the Acknowledgement that is attached as Exhibit A;

6

v.   Judges, the jury, court reporters, court personnel, and videographers present at trial, hearings, arguments, depositions and any other judicial proceedings held in this litigation in accordance with Paragraphs 19 and 24;

vi.   Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

vii.   Persons shown on the face of the document to have authored or received it or who are the subject of the DP Information if such person or persons execute the Acknowledgement that is attached as Exhibit A;

viii.   Other persons who may be designated by written consent of the Producing Party or pursuant to Court order, but only for purposes of this litigation and for no other purpose; and

ix.   The Parties. In the case of Parties that are corporations or other business entities, "Party" shall mean current and former employees of the Corporate Defendants who are required to participate in decisions with reference to this lawsuit, and the Corporate Defendants' respective insurers, as applicable. With respect to former employees, each shall be required to execute the Acknowledgement that is attached as Exhibit A.

The Party disclosing materials designated as Data Protected Information shall keep a record of the individuals to whom such materials are disclosed in conformance with

120927291 1

Paragraph 11(a)(ii), supra.

b.    As to the Corporate Defendants only, material produced and designated as Attorneys' Eyes Only may be disclosed only to outside counsel for the Corporate Defendants and to such other persons as counsel for the Designating Party agrees in advance or as Ordered by the Court. If disclosure proceeds by agreement or by Order of the court the person to whom the material is produced to must have signed a non-disclosure agreement in the form attached hereto as Exhibit A.

c.    As to Plaintiffs, material produced and designated as Attorneys' Eyes Only may be disclosed, except as otherwise prohibited by Paragraph 12, to the following:

    i.    Outside counsel (herein defined as any attorney at the Parties' outside firms in these Actions;

    ii.    Outside experts, consultants, contract attorneys, investigators, and contractors retained for the purpose of organizing, filing, coding, converting, storing, analyzing, organizing, or retrieving data or designing database programs that are retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A. A copy of each executed acknowledgement shall be maintained for each Plaintiff's consultants or experts by Counsel for Plaintiffs and for Defendants' consultants or experts by Counsel for Defendants during the course of the litigation. At the conclusion of the litigation, counsel for Receiving Party shall confirm in writing with counsel for the Designating Party that it will have any documents designated as Protected Information that were provided to consultants or experts returned

8

to counsel for the Receiving Party or destroyed, so long as the receiving party certifies in writing the destruction has occurred.

iii. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

iv. Disclosure may be made to trial witnesses or deponents provided examining counsel has a good faith belief that is reasonably necessary to the proper adjudication of the litigation or an examination and if such person or persons execute the Acknowledgement that is attached as Exhibit A;

v. Judges, the jury, court reporters, court personnel, and videographers present at trial, hearings, arguments, depositions and any other judicial proceedings held in this litigation in accordance with Paragraphs 19 and 24;

vi. Persons or, for a Rule 30(b)(6) deposition, entities shown on the face of the document to have authored or received the Attorney's Eyes Only Information;

vii. Persons or entities who are the subject of that Information, and who are not the author or recipient, if such person, persons, or Rule 30(b)(6) designees, or employees of such entities execute the Acknowledgement that is attached as Exhibit A unless a current employee of a Defendant;

viii. Other persons who may be designated by written consent of the Producing Party or pursuant to Court order, but only for purposes of this litigation and for no other purpose;

ix. Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, litigation

support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

x. Plaintiffs.

d. Except as otherwise noted above, material designated as Confidential may be disclosed to:

i. Outside counsel (herein defined as any attorney at the Parties' outside firms in these Actions), in-house counsel for Defendants, and all employees of such counsel who have responsibility for assisting in the preparation and trial of this action or any appeal herein;

ii. Outside experts, consultants, contract attorneys, investigators, and contractors retained for the purpose of organizing, filing, coding, converting, storing, analyzing, organizing, or retrieving data or designing database programs that are retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A. A copy of each executed acknowledgement shall be maintained for each Plaintiff's consultants or experts by Counsel for Plaintiffs and for Defendants' consultants or experts by Counsel for Defendants during the course of the litigation. At the conclusion of the litigation, counsel for Receiving Party shall confirm in writing with counsel for the Designating Party that it will have any documents designated as Protected Information that were provided to consultants or experts returned

10

to counsel for the Receiving Party;

iii.  Secretarial, paralegal, clerical, duplicating and data processing vendors and personnel and independent contractors of the foregoing;

iv.  Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

v.  Disclosure may be made to trial witnesses or deponents if such person or persons execute the Acknowledgement that is attached as Exhibit A;

vi.  Judges, the jury, court reporters, court personnel, and videographers present at trial, hearings, arguments, depositions and any other judicial proceedings held in this litigation in accordance with Paragraphs 19 and 24;

vii.  Persons or, for a Rule 30(b)(6) deposition, entities shown on the face of the document to have authored or received the Confidential Material;

viii.  Persons or entities that are the subject of that Material, and who are not the author or recipient, if such person or persons or Rule 30(b)(6) designees, or employees of such entities execute the Acknowledgement that is attached as Exhibit A;

ix.  Other persons who may be designated by written consent of the Producing Party or pursuant to Court order, but only for purposes of this litigation and

11

for no other purpose; and

 x. The Parties. In the case of Parties that are corporations or other business entities, "Party" shall mean current and former employees of the Corporate Defendants who are required to participate in these Actions, and the Corporate Defendants' respective insurers, as applicable.

 12. In no event shall a Receiving Party make disclosure to consultants/experts who are employees, officers, or directors of any competitors, as defined in this paragraph below, of Defendants. In the event a Receiving Party wishes to make disclosure to any such consultant/expert, irrespective of whether they are retained as a consultant/expert for Plaintiffs, the parties shall meet and confer to determine a method to address such proposed disclosure. If, after meeting and conferring, the Parties are unable to agree on a method to address such proposed disclosure, either Party may contact the Court for the scheduling of a telephone conference call for the Court to determine whether and under what circumstances such disclosure by the Receiving Party will be permitted. Prior to a determination by the Court on these issues, the Receiving Party may not disclose any PROTECTED INFORMATION to the proposed consultant/expert. A "competitor" shall be defined as any pharmaceutical manufacturer or other company that manufactures, markets, or has in development any type of intravenous iron replacement product.

 13 All counsel shall keep all material or information designated as Protected Information which is received under this Stipulated Protective Order within its exclusive possession and control, except as provided in Paragraphs 11 and 12, and shall take reasonable steps to maintain such material in a secure manner.

120927291 1

14.    Any person having access to material or information designated as a Protected Information under this Stipulated Protective Order, including consultants and experts, are permitted to make copies, extracts, summaries, or descriptions of the material or information or any portion thereof as reasonably necessary for the preparation and trial of this litigation. However, the designations of Protected Information remain with those copies, extracts, summaries or descriptions to the extent they reveal the underlying Protected Information.

15.    If Protected Information in the possession of a Receiving Party is subpoenaed by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena such data or information, the Party to whom the subpoena is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information without first waiting ten (10) business days after notifying counsel for the Designating Party in writing and receiving confirmation of receipt of (1) the information and documentation which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the Party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued.

16.    With respect to any depositions that involve a disclosure of Protected Information of a Party to this action, all testimony provided at deposition shall be considered Protected Information for forty five (45) days following receipt of the final transcript at the conclusion of the witness testimony and the court reporter shall mark all pages of deposition testimony taken in this Action with the designation "PROTECTED INFORMATION — Subject to Further

13

Confidentiality Review." Such Party shall have until forty-five (45) days after receipt of the final deposition transcript within which to inform all other parties and the court reporter that portions of the transcript are to be designated as containing Protected Information, by page and line number, which period may be extended by agreement of the Parties, which agreement will not be unreasonably withheld. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraphs 11 and 12 above and the deponent during these forty five (45) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraphs 11 and 12 above during said forty five (45) days. Upon being informed that certain portions of a deposition are to be designated as containing Protected Information, all parties shall limit disclosure of designated portions of the transcript and related exhibits as required by this Order. Prior to the commencement of depositions in these Actions, the Parties shall meet and confer regarding the appropriate mechanics of designating Protected Materials in or associated with transcripts.

17.     Nothing herein shall be deemed to restrict in any manner any Party's use of its own documents or materials. Nothing herein shall affect the right of any Party to seek court intervention to prevent the improper disclosure of any documents or materials.

18.     Except with respect to deposition transcripts, which are governed by Paragraph 16 or as otherwise provided herein, the disclosure of Protected Information that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material

14

120927291 1

should have been designated Protected Information within thirty (30) days from the discovery of the discovery of the disclosure. Such notice shall constitute a designation of the information, document or thing as Protected Information under this Protective Order.

19.     Use of Protected Information in response to dispositive motions and at trial shall be determined by subsequent agreement of the parties or order of this Court.

**Right to Appropriately Withhold or Redact**

20.     Redactions shall be governed by the agreed upon Stipulated Order Governing Protocol for Discovery of Electronic Stored Information and Hard Copy Documents to be entered in connection with this Action.

21.     The Parties recognize that the productions of DP Information subject to foreign statutes may require that the Parties meet and confer regarding whether additional safeguards may be warranted and the Parties agree to meet and confer should such issues arise.

**Disputes or Objections**

22.     If counsel for a Party receiving documents or information designated as Confidential, Attorney Eyes Only, or Data Protection Information hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a.      Counsel for the objecting Party shall serve on the Designating Party a written objection to such designation, which shall describe with particularity the documents (by production or Bates number) or information in question and shall state the grounds for objection  Counsel for the Designating Party shall respond in writing to such objection within 15 days, and shall state with particularity the grounds for asserting that the document or information requires "Protected Information" status, and include case law, if any, in support. If the Designating Party does not de-

designate the challenged Protected Information at issue, counsel shall then confer in good faith in an effort to resolve the dispute.

b.   If a dispute as to a Protected Information designation of a document or item of information cannot be resolved by agreement, the Party challenging the designation shall present the dispute to the Court initially by letter, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

c.   The Designating Party has the burden of demonstrating to the Court that the documents or information in question meet the requirements under the Federal Rules for designation as Protected Information.

23.   The entry of this Protective Order does not prevent any Party from seeking a further order of this Court pursuant to Federal Rules of Civil Procedure and applicable Local Rules and shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground.  The parties reserve their right to assert or argue that the regulations and/or laws referenced herein may not apply. This Protective Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

**Filing Under Seal**

24.   This Order permits the parties to file Protected Information and any pleading, motion, or other paper filed with the Court containing or disclosing any such Protected Information, under seal.  The filing party shall not attach materials containing Protected Information to its filing that is made available to the public but shall instead use a slip sheet to designate by Bates number the materials containing Protected Information that would have been

120927291.1

attached. Protected Information and other papers filed under seal shall be available to the Court, counsel of record, and to all other persons entitled to receive the Protected Information contained therein under the terms of this Order. Within fourteen (14) business days after the filing of the motion, pleading, or paper that referenced protected information, the filing party and Producing Party shall confer to determine whether they can agree upon non-confidential redacted or excerpted pages of materials containing "PROTECTED INFORMATION" to attach to the filing in place of the Bates number designations or redacted materials. If the parties are unable to reach an agreement, then the Producing Party must file a motion to seal the materials containing "PROTECTED INFORMATION" pursuant to the requirements for doing so as set forth in the Local Rules and within thirty (30) days of meeting and conferring. If the Producing Party waives confidentiality as to the materials at issue, the filing party may replace the Bates number designations or redacted materials with the full text of the documents at issue.

**Production of Privileged or Other Protected Documents**

    25.    Clawback Procedures.

    a.    Pursuant to FED. R. CIV. P. 26(b)(5)(B) and FED. R. EVID. 502(d), if information is produced in discovery that is later claimed to be protected by the attorney-client privilege, work-product doctrine, or other immunity ("Privileged Material"), the Party making the claim of privilege must notify any Party that received the information of the claim and the basis for it ("the Notice").

    b.    In the event that a Receiving Party discovers a document it reasonably believes to be privileged, the Receiving Party shall refrain from examining the document no more than necessary to determine how to proceed and shall promptly notify the Producing Party of such document by Bates number. Such notification shall not waive the Receiving Party's

120927291 1

right to subsequently contest any assertion of privilege or protection with respect to the identified discovery material. If the Party or non-party to which the disclosed Privileged Material belongs wishes to assert a claim of privilege or protection over the material, it shall, within ten (10) business days of notification by the Receiving Party, provide Notice to the Receiving Party as provided under Paragraph 25(a).

26.     After receiving the Notice, a Receiving Party must, within ten (10) business days return or destroy the specified information and any copies it has; must not use or disclose the information unless the Designating Party or the Court determines that the information is not Privileged; and must take reasonable steps to retrieve the information if the Party disclosed it before being notified.

27.     Within 30 days of discovering or being notified, the Designating Party shall provide a written response that provides the basis for the claim of privilege. The Designating Party must also retain a copy of the document until the resolution or termination of this Action.

28.     This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) except as otherwise provided herein.

29.     Except as otherwise provided herein, the production of Privileged Material, whether inadvertent or otherwise, shall not constitute a waiver of any privilege or protection in any Federal, State, or other proceeding. Instead, the Designating Party shall be entitled to assert such privilege or protection in this or any other Federal, State, or other proceeding, and the Privileged Material and its subject matter shall be treated as if there had been no such disclosure. Anyone challenging the protection may not assert as a ground for such motion the fact or circumstances of the production or reveal the protected contents of the Privileged Material prior to entry of an Order from this Court that such revelation is permitted.

18

30.     Notwithstanding Paragraph 28 and 29, Federal Rule of Evidence 502(a) shall apply to these Actions.

31.     Failure to Clawback (Non-Deposition). Notwithstanding the foregoing, the Parties agree that any document used by any Party in an expert report or court filing in this action (with the exception of a motion challenging a designation under Paragraph 33 of this Stipulated Protective Order), that a Producing Party does not claw back within twenty-one (21) business days after its use shall not be eligible for clawback of that document under this Stipulated Protective Order, absent agreement of the Parties or as provided in Paragraph 23. Such ineligibility for clawback of that document under this Stipulated Protective Order shall not result in subject matter waiver in these Actions or any other state or federal proceeding.

32.     Failure to Clawback (Deposition): Paragraph 31 shall also apply to any document used in a deposition, so long as the nature of the privilege is reasonably apparent on the face of the document. If the privilege is not reasonably apparent on the face of the document, the Producing Party will have twenty-one (21) business days to clawback the document from the date on which either the privilege is learned or reasonably should have been learned, whichever is earlier. Such ineligibility for clawback of that document under this Stipulated Protective Order shall not result in subject matter waiver in this or any other state or federal proceeding.

33.     Prior to filing a motion with the Court to challenge a claim of privilege or work-product, the Receiving Party shall notify the Designating Party in writing of its intent to challenge any Privilege designation by identifying which document (by production or Bates number) it intends to challenge along with the legal basis (if any) for the challenge. The Receiving Party may not assert the mere fact of production (*i.e.*, waiver) or refer to the contents of the document in a manner that reveals the purportedly privileged content in its challenge.  Counsel for the

120927291 1

Designating Party shall respond in writing to such objection within 30 days and shall state with particularity the grounds for asserting that the document or information is Privileged Information, and include case law, if any, in support.

34. If a dispute as to a Protected Information designation of a document or item of information cannot be resolved by agreement, the Party challenging the designation shall present the dispute to the Court initially by letter, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

35. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, Electronically Stored Information ("ESI") or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or Protected Information before production and the existence of this Order cannot be used to compel a Party to produce documents without review.

**Third Parties**

37. If a Party seeks discovery from a non-Party to this Action, the non-Party shall be provided with a copy of this Stipulated Protective Order by the Party seeking the discovery and the non-Party may invoke any and all terms of this Protective Order with respect to any Protected Information provided to the Parties. If any Protected Information is produced by a non-Party pursuant to this Order, such a non-Party shall be considered a "Designating Party" within the meaning of that term as it is used in the context of this Order, and all Parties to this Order should be treated as Receiving Parties. The Parties recognize that, during the course of this Action, a non-Party may produce Protected Information for which there exists an obligation of confidentiality. Such information may be designated as Protected Information by a Party, if any, to whom the non-

120927291 1

Party's obligation of confidentiality is owed, and the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party.

38.    Nothing in this Proposed Stipulated Protective Order prohibits a Party from negotiating a separate protective order with any third Party.

**Survivability and Final Disposition**

39.    This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court. The Court retains the right to allow disclosure of any subject covered by this Stipulation or to modify this Stipulation at any time in the interest of justice.

40.    Within forty five (45) days of the final conclusion of this litigation each Party or other individual subject to the terms hereof shall be under an obligation to assemble and return to the Designating Party or destroy all originals and unmarked copies of documents and things containing Protected Information, and to destroy, providing written confirmation of the same to the disclosing Party all copies of Protected Information that contain and/or constitute attorney work product as well as non-work product related excerpts, summaries and digests revealing Protected Information; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order. To the extent a Party requests the return of Protected Information from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the Party shall file a motion seeking such relief.

120927291.1

**STIPULATED TO and CONSENTED TO BY:**

Dated: October 14, 2019       By: _____

Michael Daly
Gabriel C. Magee
Pogust Millrood, LLC
8 Tower Bridge, Suite 940
161 Washington Street
Conshohocken, PA 19428
*Attorney for Plaintiff*

Dated: _____, 2019       By: _____

*/s/ Randall L. Christian*

Randall L. Christian (PA Id No. 201942)
2901 Via Fortuna Drive, Suite 500
Austin, TX 78746
Tel: (512) 874-3800
Fax: (512) 874-3801
randall.christian@bowmanandbrooke.com

And

Heather C. Giordanella (PA Id No. 82754)
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Tel: (215) 988-2700
Fax: (215) 988-2757
heather.giordanella@dbr.com

And

Michael C. Zogby
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932
Tel: (973) 549-7209
Fax: (973) 360-9831
michael.zogby@dbr.com

*Attorneys for Defendants American Regent, Inc.,*
*Daiichi Sankyo, Inc., and Daiichi Sankyo U.S.*
*Holdings, Inc.*

22

120927291.1

SO ORDERED, this ___18th___ day of __OCTOBER_____, 2019

Hon. Wendy Beetlestone, U.S.D.J.

ENT'D OCT 1 8 2019

23

| | |
|---|---|
| KATHERINE CROCKETT, | |
| Plaintiff, | NO. 2:19-cv-00276-WB |
| v. | HON. WENDY BEETLESTONE |
| LUITPOLD PHARMA, INC., et al., | |
| Defendants | |
| MELANIE ATKINSON, | |
| Plaintiff, | NO. 2:19-cv-0277-WB |
| v. | HON. WENDY BEETLESTONE |
| LUITPOLD PHARMA, INC., et al., | |
| Defendants. | |
| FLORA TURKOSKI, | |
| Plaintiff, | NO. 2:19-cv-00981-WB |
| v. | HON. WENDY BEETLESTONE |
| LUITPOLD PHARMA, INC., et al., | |
| Defendants. | |
| JENNIFER KRUEGER, | |
| Plaintiff, | NO. 2:19-cv-00984-WB |
| v. | HON. WENDY BEETLESTONE |
| LUITPOLD PHARMA, INC., et al., | |
| Defendants. | |

## ACKNOWLEDGEMENT AND AGREEMENT TO
## BE BOUND BY PROTECTIVE ORDER (EXHIBIT A)

I hereby attest to my understanding that Documents, Testimony or Information designated

as CONFIDENTIAL, ATTORNEY EYES ONLY, or DATA PROTECTION INFORMATION,

collectively referred to as "Protected Information" are provided to me subject to the Protective

24

120927291.1

Order dated _____, 2019 (the "Order"), in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; and, that I agree to be bound by its terms.  I also understand that my execution of this Non-Disclosure Agreement, indicating my agreement to be bound by the Order, is a prerequisite to my review of any information or documents designated as CONFIDENTIAL, ATTORNEY EYES ONLY, or DATA PROTECTION INFORMATION pursuant to the Order.

     I further agree that I shall not disclose to others, except in accord with the Order, any Protected Information, in any form whatsoever, and that such Protected Information may be used only for the purposes authorized by the Order.

     I further agree to return all copies of any Protected Information or any document or thing containing Protected Information I have received to counsel who provided them to me, or to destroy such materials, upon completion of the purpose for which they were provided and no later than the conclusion of this Litigation.

     I further agree and attest to my understanding that my obligation to honor the confidentiality of such Protected Information will continue even after this Litigation concludes.

     I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure.  I agree to be subject to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania, for the purposes of any proceedings relating to enforcement of the Order.  I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Agreement, regardless of whether the Order has been entered by the Court.

Date:  _____.

By (sign):  _____.

25

120927291.1

Name (print): _____

120927291.1