**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KATHERINE CROCKETT,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| **v.** | |
| **LUITPOLD PHARMACEUTICALS, INC.,** | **NO.  19-276** |
| **et al.,** | |
| **Defendants.** | |

<u>**MEMORANDUM OPINION**</u>

Plaintiff Katherine Crockett moves the Court for permission to serve certain Swiss Defendants—Vifor Pharma Ltd., Vifor Pharma Participations Ltd., and Vifor (International) AG (collectively, "the unserved Swiss Vifor Defendants")—via alternative service pursuant to Federal Rule of Civil Procedure 4(f)(3).

Plaintiff initiated this lawsuit to recover for injuries allegedly suffered as a result of her medically supervised use of Injectafer, an iron replacement injection medication.  Among the Defendants named in the Complaint was Vifor Pharma Management Ltd., a company based in Switzerland, which Plaintiff served pursuant to Hague Convention protocols.  Vifor Pharma Management Ltd. filed a motion to dismiss in support of which it submitted an employee's declaration ("the Goulburn Declaration") asserting, *inter alia*, that Vifor Pharma Management Ltd. was not the appropriate entity to sue for claims related to Injectafer.  Plaintiff was permitted to amend her Complaint to add three other Vifor entities—Vifor Pharma Ltd., Vifor Pharma Participations Ltd., and Vifor (International) AG—all of which are based in Switzerland and none of which have yet been served.

Vifor Pharma Management Ltd.'s U.S.-based counsel rejected Plaintiff's request that it accept service on behalf of the unserved Swiss Vifor Defendants.  Plaintiff then filed the instant

motion to which the same counsel has filed an opposition on behalf of the unserved Swiss Vifor Defendants.

Federal Rule of Civil Procedure 4(f) describes how service must be made on a defendant located in a foreign country.  Plaintiff seeks to effectuate service pursuant to Rule 4(f)(3), which permits service "by other means not prohibited by international agreement, as the court orders." Thus, "service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement.  No other limitations are evident from the text."  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002); *see also Marks Law Offices, LLC v. Mireskandari*, 704 F. App'x 171, 177 (3d Cir. 2017) (noting that a "wide variety" of alternative methods of service under Rule 4(f)(3) have been authorized, including delivery to the defendant's attorney).  As such, "the task of determining when the particularities and necessities of a given case require alternative service of process under Rule 4(f)(3)" is left "to the sound discretion of the district court."  *Rio Props.*, 284 F.3d at 1014.

Defendants argue that service pursuant to Rule 4(f)(3) cannot be made unless attempts via Hague Convention protocols pursuant to Rule 4(f)(1) have been exhausted and have been unsuccessful.[1]  Under Rule 4(f)(1), service is permitted "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents[.]"  Fed. R. Civ. P. 4(f)(1).  Whether Plaintiff must attempt Hague-compliant service under Rule 4(f)(1) prior to

---

[1] Defendants rely on this Court's opinion in *Graphic Styles/Styles International LLC v. Men's Wear Creations*, 99 F. Supp.3d 519, 524 (E.D. Pa. 2015) to argue that "use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service."  However, the *Graphic Styles* plaintiff had only attempted and failed to make service by international certified mail, and subsequently requested permission to attempt service *by e-mail or Facebook* to the defendants *in China.  Id.* at 520-21.  Here, Hague-compliant service has already been effectuated on a closely related Vifor entity the U.S. based lawyers of which represent both that entity and the unserved Swiss Vifor Defendants, assuring that the latter are aware of this action.  Additionally, no documents need be transmitted abroad to effect service, as service can be made domestically on the unserved Swiss Vifor Defendants' U.S-based counsel.

becoming eligible for alternative service under Rule 4(f)(3) has not been directly addressed by the Third Circuit.

Looking to the text, Rule 4(f) contains no hierarchy between the authorized methods for international service as delineated in subsections (1)-(3).  Each subsection of the rule "is separated from the one previous merely by the simple conjunction, 'or,'" and is not "subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing."  *Rio Props*, 284 F.3d at 1015*; see also Nuance Comms., Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010).  Additionally, Rule 4(f)(3) is devoid of express limitations that "indicate its availability only after attempting service of process by other means."  *See Rio Props*, 284 F.3d at 1015.  As such, Rule 4(f)(3) is an equally valid method for service as Rule (4)(f)(1).  *See, e.g.*, *I.M. Wilson, Inc. v. Otvetstvennostyou "Grichko"*, 2018 WL 6446601, at *2 (E.D. Pa. Dec. 10, 2018); *Celgene Corp. v. Blanche Ltd.*, 2017 WL 1282200, at *2 (D.N.J. Mar. 10, 2017)*; but see SEC v. Dubovoy*, 2016 WL 7217607, at *2 (D.N.J. Dec. 13, 2016) ("Considering Rule 4(f)(1) and Rule 4(f)(3) together, it follows that if a foreign country has agreed upon means of service in accordance with the Hague Convention, then any other means of service employed by a plaintiff would constitute 'means prohibited by international agreement.'"); *Cephalon, Inc. v. Sun Pharm. Indus., Inc.*, 2011 WL 6130416, at *5 (D.N.J. Dec. 7, 2011).[2]

---

[2] The unserved Defendants also argue that they are entitled to service under Hague Convention procedures because Switzerland has objected to Article 10 of the Hague Convention.  Article 10 of the Hague Convention "address[es] additional methods of service that are permitted by the Convention (unless the receiving state objects)."  *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1508 (2017).  Switzerland has objected to all alternative forms of service enumerated in Article 10.  *See Elobied v. Baylock*, 299 F.R.D. 105, 108 (E.D. Pa. 2014).  However, Article 10 is inapplicable here.  First, Article 10 does not address "service on a defendant . . . through alternate means in the forum state."  *RSM Prod Co.*, 2007 WL 2295907, at *4.  Additionally, as clarified by the Supreme Court in *Water Splash*, Article 10 only applies to "*service abroad.*" 137 S. Ct. at 1509 (emphasis in original).  Here, Plaintiff is not requesting an alternative form of service abroad.  Had Plaintiff requested to serve the Swiss Vifor Defendants via certified mail to Switzerland, such a request would be prohibited by international agreement pursuant to Switzerland's objection to Article 10.  Instead, Plaintiff's request for alternate service on a domestic lawyer of the

Certainly, here, alternative service on the unserved Swiss Vifor Defendants through domestic counsel for Vifor Pharma Management Ltd. is the most judicially efficient option to avoid severe delays in this litigation stemming from the customary timing restrictions of traditional Hague Service.  Plaintiff has already effectuated service pursuant to the Hague Convention on Vifor Pharma Management Ltd.  The Goulburn Declaration explained the close relationship between Vifor Pharma Management Ltd. and the unserved Swiss Vifor Defendants: "Vifor Pharma Management Ltd. is also an affiliate of Vifor (International) AG.  Both are wholly owned by Vifor Pharma Participations Ltd. which is wholly owned by Vifor Pharma Ltd."[3]  Furthermore, Plaintiff states that serving Vifor Pharma Management Ltd. via the Hague Convention process took approximately 79 days and $1,863.75 in associated costs, including document translation.  To require Plaintiff to conduct Hague service three additional times on the unserved Swiss Defendants who are closely affiliated with Vifor Pharma Management Ltd., would be duplicative, unnecessary, and inefficient.  *See, e.g.*, *Bravetti v. Liu*, 2013 WL 6501740, at *2 (D.N.J. Dec. 11, 2013); *Knit With v. Knitting Fever, Inc.*, 2010 WL 4977944, at *4-*5 (E.D. Pa. Dec. 7, 2010); *LG Elecs., Inc. v. ASKO Appliances, Inc.*, 2009 WL 1811098, at *4 (D. Del. June 23, 2009).

Certainly, any alternative method of service completed pursuant to Rule 4(f)(3) must comport with due process requirements.  *See Schlunk*, 486 U.S. at 707.  But "the Due Process Clause does not require an official transmittal of documents abroad every time there is service on a foreign national."  *Id.*  Due process is satisfied when the alternative method of service provides

---

unserved Swiss Vifor Defendants renders Article 10 inapplicable here.  *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) (stating that the Hague Convention only applies to "transmittal[s] abroad that [are] required as a necessary part of service").

"notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *See Knit With*, 2010 WL 4977944, at *4 (citing *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).  So long as there exists adequate and recent contact between a foreign defendant and their domestic counsel, service on domestic counsel is sufficient to ensure that the defendant will receive notice of the suit.  *See In re GLG Life Tech. Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012); *see also LG Elecs.*, 2009 WL 1811098, at *4 (finding that the "regularity of contact" between domestic counsel and the defendant "clearly demonstrate[d]" that the defendant was on notice of the complaint and its contents).

Here, there is plentiful evidence that the unserved Swiss Defendants are on notice of the case brought against them:  they are closely affiliated with one another and with a served Defendant which has been litigating this and many other substantially similar cases before this Court for over a year now, they are represented by the same U.S. based counsel and U.S. based counsel is in close contact with them.

For the foregoing reasons, Plaintiff's motion for alternative service is granted.  An appropriate order follows.

**July17, 2020**

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

**WENDY BEETLESTONE, J.**