# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE CROCKETT, <br>     Plaintiff, <br> v. <br> AMERICAN REGENT, INC., *et al*, <br>     Defendants. | No. 2:19-cv-00276 <br><br> HON. WENDY BEETLESTONE |

## ORDER

**AND NOW**, this 2nd day of March 2021, upon consideration of the Parties' Joint Motion to Consolidate, and it appearing that consolidation is in the interests of efficiency and judicial economy, it is hereby **ORDERED** that the Parties' Motion is **GRANTED**. It is further **ORDERED** that:

1. The following actions, and those later filed actions referred to in paragraph four below, (collectively, the "Consolidated Actions"), shall be consolidated for pretrial purposes only pursuant to Federal R. Civ. P. 42, under Civil Action No. 2:19-cv-00276,[1] with the heading *In Re Injectafer Products Liability Litigation*.

- Crockett v. Luitpold Pharmaceuticals, Inc., 2:19-cv-00276-WB
- Atkinson v. Luitpold Pharmaceuticals, Inc., 2:19-cv-00277-WB
- Turkoski v. Luitpold Pharmaceuticals, Inc., 2:19-cv-00981-WB
- Krueger v. Luitpold Pharmaceuticals, Inc., 2:19-cv-00984-WB
- Freihaut v. Luitpold Pharmaceuticals, Inc., 2:19-cv-02980-WB
- Koretsky v. Luitpold Pharmaceuticals, Inc., 2:19-cv-02981-WB

---

[1] Alternatively, should the Court prefer, the Court could create a new docket and file number for the consolidated action.

- Smith v. Luitpold Pharmaceuticals, Inc., 2:19-cv-02982-WB
- Cole v. Luitpold Pharmaceuticals, Inc., 2:19-cv-02983-WB
- Balentine v. Luitpold Pharmaceuticals, Inc., 2:19-cv-03882-W
- Bettini v. Luitpold Pharmaceuticals, Inc., 2:19-cv-03887-WB
- Combs v. Luitpold Pharmaceuticals, Inc., 2:19-cv-03888-WB
- Miller v. Luitpold Pharmaceuticals, Inc., 2:19-cv-03912-WB
- White v. Luitpold Pharmaceuticals, Inc., 2:19-cv-03914-WB
- Dunsmore v. Luitpold Pharmaceuticals, Inc., 2:19-cv-03928-WB
- Lafont v. Luitpold Pharmaceuticals, Inc., 2:20-cv-00254-WB
- Owens v. Luitpold Pharmaceuticals, Inc., 2:20-cv-00265-WB
- Schweitzer-Fugitt v. Luitpold Pharmaceuticals, Inc., 2:20-cv-00266-WB
- Henderson v. Luitpold Pharmaceuticals, Inc., 2:20-cv-00280-WB
- Oakley v. Luitpold Pharmaceuticals, Inc., 2:20-cv-00281-WB
- Munroe v. Luitpold Pharmaceuticals, Inc., 2:20-cv-00282-WB
- Terpenning v. Luitpold Pharmaceuticals, Inc., 2:20-cv-01724-WB
- Todd v. Luitpold Pharmaceuticals, Inc., 2:20-cv-01759-WB
- Covington v. Luitpold Pharmaceuticals, Inc., 2:20-cv-02019-WB
- Raymond v. Luitpold Pharmaceuticals, Inc., 2:20-cv-03004-WB
- Schenk v. Luitpold Pharmaceuticals, Inc., 2:20-cv-03189-WB
- Roderiques v. Luitpold Pharmaceuticals, Inc., 2:20-cv-04714-WB
- Ahern v. Luitpold Pharmaceuticals, Inc., 2:20-cv-04729-WB
- Snider v. Luitpold Pharmaceuticals, Inc., 2:20-cv-04880-WB
- Yova v. Luitpold Pharmaceuticals, Inc., 2:20-cv-04883-WB

- Brock v. Luitpold Pharmaceuticals, Inc., 2:20-cv-04907-WB

- Woodford v. Luitpold Pharmaceuticals, Inc., 2:20-cv-04920-WB

- Shaffer v. Luitpold Pharmaceuticals, Inc., 2:20-cv-05912-WB

- Ward v. Luitpold Pharmaceuticals, Inc., 2:20-cv-06012-WB

- Houston v. Luitpold Pharmaceuticals, Inc., 2:20-cv-06248-WB

- Edwards v. Luitpold Pharmaceuticals, Inc., 2:21-cv-00067-WB

- Smith v. Luitpold Pharmaceuticals, Inc., 2:21-cv-00601-WB

- Kessler v. Luitpold Pharmaceuticals, Inc., 2:21-cv-00746-WB

The caption for Case No. 2:19-cv-00276 shall be amended to add "In Re Injectafer Product Liability Litigation." All orders, pleadings, motions, and other documents (including the Parties Joint Motion for Consolidation) shall, when filed and docketed in Case No. 2:19-cv-00276, be deemed filed and docketed in each individual case to the extent such filing is generally applicable to the Consolidated Actions. Such documents need not be filed, and docket entries need not be made, on the individual dockets for the Consolidated Actions.

2. Captions; Separate Filings. Orders, pleadings, motions, and other documents shall bear the caption *In Re Injectafer Product Liability Litigation*. If generally applicable to all Consolidated Actions, they shall include in the caption the notation that they relate to "ALL CASES" and be filed and docketed only in the lead case. If generally applicable to more than one of the Consolidated Actions, the orders, pleadings, motions, and other documents shall include in the caption the notation that they relate to the specific cases to which they relate and be filed and docketed only in the lead case. If a document pertains to only one of the Consolidated Actions, it shall be filed only in the individual case to which such documents apply.

3. General fact discovery for all Consolidated Actions shall be completed by August

16, 2021. All case-specific discovery deadlines in the previously entered scheduling orders for Groups 2 through 7 are stayed, subject to further order of the Court regarding a bellwether selection process and scheduling orders. Group 1, which includes the *Crockett*, 2:19-cv-00276, *Atkinson*, 2:19-cv-00277, *Turkoski*, 2:19-cv-00981, and *Krueger*, 2:19-cv-00984 actions, will remain intact, however, the case-specific deadlines are revised as follows:

- All expert reports are due no later than September 24, 2021;

- If an expert report is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve such report on counsel for every other party no later than October 25, 2021;

- Any discovery depositions of expert witnesses shall be completed by January 14, 2022;

- Any motions for summary judgment and/or *Daubert* Motions shall be filed and served on or before February 11, 2022;

- If the Parties do not plan on filing summary judgment and/or *Daubert* Motions, they shall so report to the Court (Chambers, Room 1014) on or before February 11, 2022;

- Any oppositions to motions for summary judgment and/or *Daubert* motions shall be filed on or before March 11, 2022; and

- Any replies in support of motions for summary judgment and/or *Daubert* motions shall be filed on or before March 28, 2022.

4. Later Filed Cases. The terms of this Order shall apply automatically to each later filed action designated as a related case when filed, instituted in, removed to, or transferred to this Court that involve personal injury claims related to Injectafer.

5. This Order shall not have the effect of making any person, entity or corporation a party to any action in which he, she, or it has not been named, served or added as such, in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims or defenses under the Federal Rule of Civil Procedure or any other statute or common law to the Actions, or any subsequently filed consolidated or related actions.

IT IS SO ORDERED.

Dated: 3/2/21

BY THE COURT:

/s/Wendy Beetlestone, J.
**WENDY BEETLESTONE, J.**