# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE INJECTAFER PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>   All Cases | NO. 2:19-cv-00276 |

## CASE MANAGEMENT ORDER NO. 1

The Court, having found pretrial consolidation for cases alleging product liability claims related to the use of Injectafer ("Consolidated Cases") pursuant to Federal Rule of Civil Procedure Rule 42(a)(2) appropriate, enters this Case Management Order (CMO) No. 1 to establish procedures applicable to all Consolidated Cases. This Order supplements, and does not change, the procedures outlined in the Court's consolidation order (Dkt. No. 186), including the general discovery deadline and Group 1 case-specific scheduling order deadlines. It is hereby ORDERED that:

   1.   **APPLICABILITY**

This Order shall govern the practice and procedure in all Consolidated Cases originally filed or to be filed in this Court and those cases which have been or will be transferred or removed to this Court. The Court may modify the Order as deemed necessary. Provisions related to generally applicable orders and general discovery (including document production and depositions) recognize the amount of work the Parties have accomplished to date and promote efficiencies within the Consolidated Cases. Nothing herein prevents a party from seeking leave to amend, for good cause shown, those or other provisions in this Order in the future.

1

2. **APPEARANCES**

Counsel who are not admitted to practice in the United States District Court for the Eastern District of Pennsylvania must file an application to be admitted *pro hac vice*, which shall be filed and docketed only in the lead case, No. 2:19-cv-00276. Counsel admitted *pro hac vice* are required to register for this District's CM/ECF system.

The Order granting or denying the *pro hac vice* application shall be applicable to all Consolidated Cases, and counsel who have been admitted *pro hac vice* in the lead case are deemed admitted *pro hac vice* in all Consolidated Cases; however, this provision shall not result in an appearance by *pro hac vice* counsel on behalf of any Defendant that has not appeared.

3. **SERVICE OF COMPLAINTS**

To eliminate disputes about service of process and to reduce the expense of such service, Defendants American Regent, Inc., Daiichi Sankyo, Inc., Daiichi Sankyo U.S. Holdings, Inc., and Vifor (International) AG have agreed to waive service of process for claims filed in federal court that fall within the scope of the *In re Injectafer Product Liability Litigation*, subject to the provisions of Fed. Rule Civ. Proc. Rule 4(d). Newly filed complaints, notices of lawsuit, and requests to waive service of summons will be accepted via electronic mail as follows:

> For American Regent, Inc. (f/k/a Luitpold Pharmaceuticals, Inc.), Adrienne Hollander: FCMlitigation@americanregent.com , with copy to Randall.Christian@bowmanandbrooke.com.
>
> For Daiichi Sankyo, Inc. and Daiichi Sankyo U.S. Holdings, Amy Todd Klug: fcmcomplaints@dsi.com , with copy to Randall.Christian@bowmanandbrooke.com.
>
> For Vifor International AG, Heidi Levine: hlevine@sidley.com.  Ms. Levine is not authorized to accept service for any other Vifor corporate entity.

4. **COMPLETION OF CIVIL COVER SHEETS AND DESIGNATION FORMS**

In order to avoid any administrative inconvenience, counsel who file any new individual action in this District shall designate the action as related to Case No. 2:19-cv-00276 and list the undersigned judge on the Civil Cover Sheet and Designation Form.

5. **RULE 7.1 DISCLOSURES**

A Defendant's Disclosure Statement pursuant to Federal Rules of Civil Procedure Rule 7.1 filed in in the lead case, No. 2:19-cv-00276 is deemed filed in all Consolidated cases in which that Defendant has entered an appearance.

6. **DISCOVERY**

   a. **General.** All discovery requests and responses are subject to the requirements of Fed. R. Civ. P. 26(b)(1), 26 (b)(2), and 26(g).

   b. **Protective Order and Electronically Stored Information (ESI) Protocol**. All Consolidated Cases, including those filed after the joint motion for consolidation and the entry of the Court's consolidation Order, dated March 2, 2021, and those filed after the date of this Order, shall be governed by the Stipulated Protective Order entered on October 18, 2019, in the *Crockett*, 2:19-cv-00276, *Atkinson*, 2:19-cv-00277, *Turkoski*, 2:19-cv-00981, and *Krueger*, 2:19-cv-00984 cases (*Crockett* Doc. no. 80) and the Order Governing Electronic Discovery entered in the same cases on December 16, 2019 (*Crockett* Doc. no. 94).

   c. **Discovery Applicable to all Consolidated Cases.** To date, document production has been advancing cooperatively and on a rolling basis, with additional productions expected. The responses, documents, and privilege logs that have been or will be produced by the Defendants will be deemed

produced in all Consolidated Cases pursuant to paragraph b. Plaintiffs' counsel shall sign the Stipulated Protective Order before obtaining access to these materials.

d. **Initial Disclosures.** In light of the consolidation, the parties in all cases currently pending or to be filed in the future are relieved of the responsibility to provide initial disclosures under Federal Rules of Civil Procedure Rule 26(a)(1).

e. **Written Discovery -- Plaintiff Profile Form (PPF) and Defendant Fact Sheet (DFS).** Proposed PPF and DFS shall be submitted to the Court, along with a proposed Order or Orders detailing the PPF and DFS discovery process by May 28, 2021.

**7.     DEPOSITIONS**

A deposition that is generally applicable shall be deemed noticed in all Consolidated Cases when the procedure regarding captions in the Court's Order for pretrial consolidation (Dkt. no. 186) is followed.  It is not necessary to serve cross-notices within in Consolidated Cases.  Generally applicable depositions taken prior to the entry of the Court's Order for pretrial consolidation are deemed taken in all Consolidated Cases including those filed after the depositions were taken, and those filed after the date of this Order.  Consistent with the language in Section 1, nothing in this section is intended to preclude a litigant from moving this Court or coming to an agreement with Defense counsel to take additional discovery of an individual whose deposition has already been completed should circumstances warrant it.

Counsel who represent a party in both the Consolidated Cases and in cases alleging product liability claims due to Injectafer that are pending in another federal or

state court, including the Philadelphia Court of Common Pleas, shall coordinate so that generally applicable depositions are completed as efficiently as possible and a deponent may be deposed once, unless the deponent has been identified as a corporate representative by Defendant(s), the parties otherwise agree, or the Court grants an exception.

8. **BELLWETHER SELECTION PROCESS AND SCHEDULING**

The parties shall meet and confer regarding the process for a bellwether selection and scheduling orders for a bellwether pool of Consolidated Cases and submit a Proposed Order or Orders to this Court by May 28, 2021.

Dated: May 17, 2021 _____

**BY THE COURT:**

 /s/ Wendy Beetlestone, J.
WENDY BEETLESTONE, J.