## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE INJECTAFER PRODUCTS LIABILITY LITIGATION** | **CIVIL ACTION** |
| **This Document Relates To:** | |
| **CROCKETT v. LUITPOLD PHARMA., INC., NO. 19-276;** | **NO.  19-276** |
| **KRUEGER v. LUITPOLD PHARMA., INC., NO. 19-984** | |

## <u>MEMORANDUM OPINION</u>

Pending before the Court are over eighty products liability actions involving the drug Injectafer, an iron replacement medication.  These cases were consolidated for pretrial purposes by agreement of the parties.  Now, two plaintiffs—Katherine Crockett and Jennifer Krueger—jointly move to consolidate their cases for trial pursuant to Federal Rule of Civil Procedure 42(a).  For the following reasons, the motion will be denied.[1]

"If actions before the court involve a common question of law or fact," a court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).  "The moving party bears the burden of proof on a motion to consolidate."  *Borough of Olyphant v. PPL Corp.*, 153 F. App'x 80, 82 (3d Cir. 2005).  At the threshold, the movant must establish whether a common question of law or fact exists.  *Easterday v. Federated Mut. Ins. Co.*, 2015 WL 1312684, at *2 (E.D. Pa. Mar. 24, 2015).  "Once a common question has been established,

---

[1] The prospect of consolidating the Crockett and Krueger cases for trial was first raised by Plaintiffs' counsel in a letter brief to the Court.  The issue was discussed during an off-the-record conference call with the parties.  At first blush, the Court found Plaintiffs' position more persuasive, prompting Defendants' counsel to request formal motion practice which request the Court granted.  Plaintiff submitted the present motion shortly thereafter.

the decision to consolidate rests in the sound discretion of the district court."  *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998).  In exercising this discretion, the Court "should weigh the benefits of judicial economy 'against the potential for new delays, expense, confusion or prejudice.'"  *Farahmand v. Rumsfeld*, 2002 WL 31630709, at *2 (E.D. Pa. Nov. 20, 2002) (quoting *Easton & Co. v. Mut. Benefit Life Ins. Co.*, 1992 WL 448794, at *4 (D.N.J. Nov. 4, 1992)).

Plaintiffs here meet their threshold burden, as their claims involve many common factual and legal issues.  Both Crockett and Krueger suffered from iron deficiency anemia; were prescribed identical dosages of Injectafer to treat their condition; developed severe hypophosphatemia—a disorder characterized by low levels of phosphate in the blood—shortly after their treatment; were subsequently hospitalized multiple times; and allege severe and permanent damages as a result.  Plaintiffs in each case allege that the Injectafer product manufactured, produced, and marketed by Defendants carried deficient warnings, was defectively designed, and was not adequately tested.  Both actions arise under Pennsylvania tort law, and will rely on some overlapping witnesses, experts, and liability evidence.

The operative question is whether trying these two cases together would yield enough rewards in judicial economy to outweigh the risk of prejudice, confusion, or new delays.  With respect to economy, Plaintiffs' briefing suggests only modest gains in efficiency.  Plaintiffs move to consolidate just two of the over eighty Injectafer cases currently pending on this Court's docket.  They assert these cases would take a total of eight weeks to try separately and only five weeks to try together, yielding an estimated three weeks of saved courtroom time.  Such time is precious to be sure, given the current COVID-19 trial backlog.  But it is doubtful the second trial will be as lengthy as Plaintiffs suppose given that decisions made on evidentiary issues in the

first trial are likely to have a salutary reduction on the time needed to try subsequent cases. Further, consolidation would require its own time investments to ensure the risks of juror confusion and prejudice are minimized.  And interests of efficiency would also be served by letting the cases proceed separately:  These will be the first cases tried of many in this series: separate trials will help define "the exact factual and legal contours" of the claims and defenses, *see In re Levaquin Prods. Liab. Litig.*, 2009 WL 5030772, at *3 (D. Minn. Dec. 14, 2009), and may allow the parties to better assess the value and strength of the remaining matters.

There are, moreover, certain case-specific issues which do raise the spectre of prejudice should these actions be tried together.  Crockett and Krueger were prescribed Injectafer a year apart by different prescribing physicians, and in the intervening time, the drug's label underwent a revision:  Defendants removed the word "asymptomatic" in connection with reductions in blood phosphorus.  Defendants contend that Federal Rule of Evidence 407—concerning evidence of subsequent remedial measures—would bar introduction of this evidence in Crockett's case, but not Krueger's.  Additionally, at least one published clinical study was added to the body of evidence linking Injectafer to severe hypophosphatemia in that intervening period. Although Defendants concede that this study may be admissible in Crockett's case as to the issue of general causation, they argue that it should not be admissible in that case to support her contention that Defendants "fraudulently concealed and intentionally omitted" material information from Crockett's prescribing physician.  They suggest that consolidation will give Crockett an unfair evidentiary advantage which could be avoided by trying the cases separately.

Defendants also note that Crockett's doctor testified at deposition that he would have prescribed her Injectafer even knowing the risks he knows today, given Crockett's inability to tolerate an alternative injectable treatment for her iron deficiency.  The jury may or may not give

3

such testimony may significant weight.  Defendants contend that the "jury should hear this testimony unadulterated by the differing—and wholly irrelevant—testimony of Ms. Krueger's health care providers" and argue that consolidation would allow Plaintiffs' counsel to minimize or obscure this issue, as well as potentially conflate the facts from one claim to the other.  If the estimated efficiency gains were substantial, Defendants' concerns might be less compelling, given the availability of jury instruction to help reduce the risk of prejudice.  But where these are the first of the Injectafer cases to be tried, the estimated time savings are minimal, and two separate trials will impose little extra burden on the parties and witnesses, discretion as the better part of valor counsels that the matters should be tried separately.

Which is not to say that trial consolidation will remain inappropriate moving forward.  Once these initial cases are tried, consolidation may prove an effective and efficient means of handling the remaining actions.  As to Crockett and Krueger, however, the motion to consolidate will be denied.

An appropriate order follows.

**July 26, 2021**                                                                    **BY THE COURT:**


                                                                                    _____

                                                                                    **WENDY BEETLESTONE, J.**