# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE INJECTAFER PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>    All Cases | NO. 2:19-cv-00276 |

## CASE MANAGEMENT ORDER NO. 2
### (Selection of Bellwether Discovery Pool)

The Court, having found pretrial consolidation for cases alleging product liability claims related to the use of Injectafer ("Consolidated Action") pursuant to Federal Rule of Civil Procedure Rule 42(a)(2) appropriate, enters this Case Management Order ("CMO") No. 2 to establish procedures for the selection of cases[1] for a bellwether discovery pool and the completion of case-specific fact discovery in such cases. It is hereby ORDERED that the bellwether discovery pool will be comprised of eight cases that shall be selected as follows:

    1.    With the exception of Group 1 cases, all cases that are docketed or filed in this District on or before July 1, 2021, are eligible for selection to the bellwether discovery pool.

    2.    On or before December 15, 2021, (a) counsel for Plaintiffs and counsel for Defendants shall each select eight potential bellwether discovery pool cases, for a total

---

[1] Group 1 cases are not subject to this CMO.

of 16 cases, and (b) each Party shall serve a notice identifying their selected cases on the other Party.

3. On or before January 15, 2022, (a) counsel for Plaintiffs shall strike four of the cases selected by counsel for Defendants pursuant to paragraph 2, with the exception of one case designated by counsel for Defendants on December 15, 2021 as a protected case; and (b) counsel for Defendants shall strike four of the cases selected by counsel for Plaintiffs pursuant to paragraph 2, with the exception of one case designated by counsel for Plaintiffs on December 15, 2021 as a protected case.  The eight cases that remain after the Parties execute their strikes will form the bellwether discovery pool.

4. If any of the bellwether discovery pool cases selected by counsel for Defendants is either dismissed or will be dismissed between the date of Defendants' selection of their bellwether discovery pool cases and 90 days prior to the deadline for completing case-specific fact discovery, Defendants may replace the case with a new case, in which the Plaintiff is claiming similar injuries.  If counsel for Plaintiffs disagree that the new case involves similar claimed injuries and object to the inclusion of such case in the bellwether discovery pool for that reason, the Parties shall meet and confer and, if necessary, present the dispute to the Court for resolution.

5. If any of the bellwether discovery pool cases selected by counsel for Defendants is either dismissed or will be dismissed within 90 days prior to the deadline for completing case-specific fact discovery, Defendants may remove one of the bellwether discovery pool cases selected by counsel for Plaintiffs from the bellwether discovery pool.

6. If any of the bellwether discovery pool cases selected by counsel for Plaintiffs is either dismissed or will be dismissed between the date of Plaintiffs' selection of their bellwether discovery pool cases and 90 days prior to the deadline for completing case-specific fact discovery, counsel for Plaintiffs may replace the case with a new case, in which the Plaintiff is claiming similar injuries, subject to the following limitations and procedures:

   a. Counsel for Plaintiffs may only replace a case that is dismissed or subject to dismissal if the dismissal or anticipated dismissal is due to significant unforeseen circumstances impacting the Plaintiff's viability as a bellwether case that were not reasonably foreseeable at the time counsel for Plaintiffs selected the case for inclusion in the bellwether discovery pool.  Counsel for Plaintiffs will not be entitled to replace a case that is dismissed or subject to dismissal in the bellwether discovery pool for any other reasons.

   b. If the Parties disagree on the significance of the unforeseen circumstances or the foreseeability of the circumstances at the time counsel for Plaintiffs selected the case for inclusion in the bellwether discovery pool, the Parties shall meet and confer and, if necessary, present the dispute to the Court for resolution.

   c. If counsel for Defendants disagree that the new case involves similar claimed injuries and object to the inclusion of such case in the bellwether discovery pool for that reason, the Parties also shall meet and confer and, if necessary, present the dispute to the Court for resolution.

7. If any of the bellwether discovery pool cases selected by counsel for Plaintiffs is either dismissed or will be dismissed within 90 days prior to the deadline for

completing case-specific fact discovery, the following limitations and procedures shall apply:

    a. If the dismissal or anticipated dismissal is due to significant unforeseen circumstances that were not reasonably foreseeable at the time counsel for Plaintiffs selected the case for inclusion in the bellwether discovery pool, Defendants shall remove one of the bellwether discovery pool cases selected by Defendants from the bellwether discovery pool. If a case is dismissed or will be dismissed for any other reason, Defendants do not need to remove one of the bellwether discovery pool cases selected by Defendants from the bellwether discovery pool.

    b. If the Parties disagree on the significance of the unforeseen circumstances or the foreseeability of the circumstances at the time counsel for Plaintiffs selected the case for inclusion in the bellwether discovery pool, the Parties shall meet and confer and, if necessary, present the dispute to the Court for resolution.

8. On or before March 1, 2022, Plaintiffs shall serve completed Plaintiff Fact Sheets ("PFS") and Defendants shall serve completed Defendant Fact Sheets ("DFS") in the bellwether discovery pool cases. The Parties shall submit proposed PFS and DFS to the Court, along with a proposed Order or Orders, on or before October 15, 2021.

9. The Parties also may commence case-specific discovery in the bellwether discovery pool cases on March 15, 2022. All case-specific discovery in these cases shall be completed by August 15, 2022.

10. No later than 30 days before the close of case-specific fact discovery, the Parties shall submit a proposed Order or Orders setting forth the procedure by which

the bellwether cases will be chosen as potential trial candidates and scheduling deadlines for those cases, including expert discovery and dispositive motion practice.

11. The Parties reserve the right to challenge the representativeness and/or eligibility of any case that is included in the bellwether discovery pool for a bellwether trial at the time of trial selection, and to advocate for utilization of a different selection criteria if necessary, which shall be submitted to the Court after the Parties meet and confer.

Dated: 8/11/21                                    **BY THE COURT:**

                                                                         **/s/Wendy Beetlestone, J.**

                                                                         _____
                                                                         WENDY BEETLESTONE, J.